FILED
2016 Jul-29 PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DARNELL LEVERT,       ) <br> ) <br> **Movant-Defendant,**   ) <br> ) <br> v.                                          ) <br> ) <br> UNITED STATES OF             ) <br> AMERICA,                            ) <br> ) <br> **Respondent-Plaintiff.**   ) | Case No.:  2:16-CV-8062-VEH <br> (2:13-CR-119-VEH) |

## MEMORANDUM OPINION

This cause is before the court on Defendant James Darnell Levert's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-21). The motion was filed on June 15, 2016. (*Id*.). It is Levert's first motion under section 2255.

### BACKGROUND

On October 31, 2013, Levert pleaded guilty to two counts of distribution of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1). (Doc. cv-1; cr-docket entry dated 10/31/2013). On February 20, 2014, the district court (Johnson, J.) imposed sentence. (Cr-docket entry dated 2/20/2014). Judgment was entered by the district court that same date. (Doc.

cr-19). Levert was sentenced to a term of 151 months imprisonment as to each count, with the sentences to run concurrently. (*Id.*). No appeal was taken.

On June 15, 2016, the criminal case was reassigned to the undersigned. (Cr-docket entry dated June 15, 2016).

## DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter.[1] *See* 28 U.S.C. § 2255.

### I. The Motion Is Timely

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a Section 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on

---

[1] Accordingly, the court **DENIES** Levert's Motion To Appoint Counsel (Doc. cv-2).

which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment of conviction becomes final. "For the purpose of starting the clock on Section 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Levert's judgment of conviction became final on March 16, 2014, when the time for filing an appeal expired. FED. R. APP. P. 4(b)(1). Levert had until March 16, 2015, to file a timely Section 2255 motion to vacate.

However, Levert's petition asserts that his sentence is due to be vacated under *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). He thus argues that his motion is timely under Section 2255(f)(3).[2,3] *Johnson* was issued

---

[2] Levert is proceeding pro se. Accordingly, this court has construed his pleading liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

[3] 28 U.S.C. § 2255 reads in part, as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

3

on June 26, 2015. Thus, under paragraph (f)(3) of Section 2255, the date by which he must present his 2255 petition asserting *Johnson* is June 26, 2016. Levert's motion clearly was timely filed.[4]

## II. The Motion Fails

Levert alleges that the district court improperly, in light of *Johnson*, applied the "Career Offender designation" to him and that his sentence was improperly increased above the otherwise applicable "statutory maximums of the Guidelines." He argues that this was unconstitutional under *Johnson* because the "exact language" found unconstitutional in *Johnson* appears in the "career offender statutes."

---

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[4] June 26, 2016, is a Sunday, therefore the time period is extended to the next business day, June 27, 2016.

However, a review of the record conclusively shows that he is incorrect. As explained herein, there is nothing about the manner in which Levert's sentence was calculated that is impacted by *Johnson*. Further, the Eleventh Circuit has held that *Johnson* does not apply to the Sentencing Guidelines.

Levert's sentence for his (drug distribution) crimes was enhanced under U.S.S.G. § 4B1.1. It is undisputed that, prior to the instant offenses, Levert was convicted of Possession of Marijuana, 1st Degree (CC 99-5872) in Jefferson County, Alabama, Circuit Court on February 25, 2000, and Robbery, 1st Degree (CC 06-295), in Jefferson County, Alabama, Circuit Court on January 8, 2007. Since Levert was at least 18 years old at the time of the instant offenses, the instant offenses are felonies that are controlled substance offenses, <u>and</u> Levert had at least two prior felony convictions of either a crime of violence or a controlled substance offense, he was properly determined to be a career offender within the meaning of U.S.S.G. § 4B1.1.

### A. <u>Binding Eleventh Circuit Authority Bars Levert's Argument</u>

Under binding Eleventh Circuit authority, the holding of *Johnson* does not apply to Sentencing Guidelines (as opposed to statutory) enhancements, even though the definition of "violent felony" under the Guidelines is "nearly identical" to the definition of "violent felony" in the ACCA. As the Eleventh Circuit

explains:

> In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. The Armed Career Criminal Act increases sentences for certain offenders who have three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The definition of "violent felony" under the Act is nearly identical to the definition of "crime *1194 of violence" under the guidelines, and both definitions include an identical residual clause that encapsulates crimes that "present[ ] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(2). Matchett argues, and the government agrees, that because we interpret the residual clause of section 4B1.2(a) of the advisory guidelines in the same manner as we interpret the residual clause of the Armed Career Criminal Act, *see Gilbert v. United States*, 640 F.3d 1293, 1309 n. 16 (11th Cir.2011) (en banc), the residual clause of section 4B1.2(a) is also unconstitutionally vague. But "[c]onfessions of error ... do not 'relieve this Court of the performance of the judicial function.' " *Sibron v. New York*, 392 U.S. 40, 58, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968) (quoting *Young v. United States*, 315 U.S. 257, 258, 62 S.Ct. 510, 511, 86 L.Ed. 832 (1942)). "[O]ur judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties." *Id*. (quoting *Young*, 315 U.S. at 259, 62 S.Ct. at 511) (internal quotation marks omitted). Instead, this Court must decide for itself whether the residual clause of section 4B1.2(a)(2) of the Guidelines is unconstitutionally vague.
>
> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. The Supreme Court held that the residual clause of the Armed Career Criminal Act "violate[d] the Constitution's guarantee of due process," 135 S.Ct. at 2563, because it violated "[t]he prohibition of vagueness in criminal statutes," *id*. at 2556–57. It further explained that the vagueness doctrine "appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id*. at 2557. The Armed Career Criminal Act defines a

6

crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither. The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), designed to "assist ... the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir.2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir.1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50, 128 S.Ct. at 596–97. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.

The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. The Supreme Court has explained that "[a]ny expectation subject to due process protection ... that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the] decision in *United States v. Booker*." *Irizarry v. United States*, 553 U.S. 708, 713, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008). Another circuit has already held that "[s]ince the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why ... they cannot bring vagueness challenges against the Guidelines." *Tichenor*, 683 F.3d at 365 (footnote omitted).

"Because there is no constitutional right to sentencing guidelines—or, more *1195 generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir.1990). Before Congress enacted the Guidelines, "the Federal Government and the States employed indeterminate-sentencing schemes in which judges and executive

> branch officials (e.g., parole board officials) had substantial discretion to determine the actual length of a defendant's sentence." *Apprendi v. New Jersey*, 530 U.S. 466, 549, 120 S.Ct. 2348, 2394, 147 L.Ed.2d 435 (2000) (O'Connor, J. dissenting). Outside of the death-penalty context, this plenary-discretion regime did not violate the notice requirement of the Due Process Clause. *See Lockett v. Ohio*, 438 U.S. 586, 602–04, 98 S.Ct. 2954, 2963–65, 57 L.Ed.2d 973 (1978); *see also Wivell*, 893 F.2d at 159–60. For that reason, advisory guidelines that inform a sentencing judge's discretion also cannot violate the notice requirement.

*United States v. Matchett*, 802 F.3d 1185, 1193–95 (11th Cir. 2015).

### B. Levert's Sentence Was Not Enhanced under any Residual Clause

The Armed Career Criminal Act, 18 U.S.C. § 924 ("ACCA"), defines the term violent felony as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, ... that--
>     (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>     (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C.A. § 924 (West).

(B)(i) is referred to as the "elements" clause of the ACCA. the first portion of (B)(ii) ("is burglary, arson, or extortion, involves use of explosives") is referred to as the "enumerated" clause of the ACCA, and the last portion of (B)(ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury

8

to another") is referred to as the "residual" clause of the ACCA. *Johnson* held the

<u>residual</u> clause of the ACCA was unconstitutionally vague.[5] However, Levert's

earlier "crime of violence" conviction, Alabama Robbery 1st degree, whether

considered for purposes of the ACCA enhancement or the career offender

enhancement, falls under the <u>elements</u> clause of the ACCA (and U.S.S.G. 4B1.1 as

defined at U.S.S.G. 4B1.2), not the <u>residual</u> clause. This is because the <u>elements</u> of

Alabama Robbery 1st degree are:

> (a) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he:
>     (1) Is armed with a deadly weapon or dangerous instrument; or
>     (2) Causes serious physical injury to another.

Ala. Code § 13A-8-41.

### III. <u>Conclusion</u>

Under the binding Eleventh Circuit authority set out in *Matchett*, Levert's

Motion is due to be **DENIED**. Additionally, even if *Matchett* did not bar the

court's consideration of Levert's argument, the argument fails on its merits

because Levert's sentence was not impacted by any residual clause definition of

"crime of violence," which is the language found unconstutionally vague in

---

[5] The undersigned is aware that the Eleventh Circuit, in binding authority, has held that *Johnson* "appl[ies] retroactively in the first post-conviction context." *Mays v. United States*, No. 14-13477, 2016 WL 1211420, at *1 (11th Cir. March 29, 2016) (published).

*Johnson*. Accordingly, the Motion is due to be **DENIED** and this case will be **DISMISSED WITH PREJUDICE**. Additionally, the court finds that Levert is not entitled to a certificate of appealability.

### CERTIFICATE OF APPEALABILITY DENIED

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Levert has not made the requisite showing in these circumstances.

Finally, because Levert is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** this 29th day of July, 2016.

                                        */s/ Virginia Emerson Hopkins*
                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge